# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN MINT LLC, : | |
| GOEDE : | |
| BETEILIGUNGSGESELLSCHAFT, : | CIVIL ACTION NO. 1:05-CV-650 |
| and MICHAEL GOEDE, : | |
| : | (Judge Kane) |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| GOSOFTWARE, INC., : | |
| : | |
| **Defendant** : | |

## ORDER

Before the Court is Defendant's motion to dismiss Plaintiffs' complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. No. 10.) For the reasons that follow, the Court will not rule on Defendant's motion and further briefing will be ordered.

**I.    BACKGROUND**

Plaintiff Goede Beteiligungsgesellschaft is a corporation organized under the laws of the Federal Republic of Germany, and Plaintiff Michael Goede is a citizen of the Federal Republic of Germany (hereinafter referred to collectively as "Goede"). (Doc. No. 1 at ¶¶ 2-3.) Goede is in the business of manufacturing collectable coins and its principal place of business is in Germany. (Id. at ¶ 9.) Plaintiff American Mint LLC ("Mint") is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with its sole place of business located in Mechanicsburg, Pennsylvania. (Id. at ¶ 1.) Mint is wholly owned by Goede and is the marketer for Goede merchandise within the United States. (Id. at ¶¶ 8, 10.)

Defendant GOSoftware, Inc., ("GO") is a corporation organized under the laws of the State of

Georgia with its principal place of business located in Savannah, Georgia.  Defendant manufactures and sells software known as RiTA Software ("RiTA") designed to facilitate the billing of credit cards.  (Id. at ¶ 14.)  In early 2003, Plaintiffs Goede and Mint allegedly sought to acquire RiTA and  "explained to [GO] personnel that the RiTA [software] would be installed and used in the Federal Republic of Germany, and would thus need to be compatible with German numeric symbols."[1]  (Id. at ¶ 15.)  In response, Plaintiffs Goede and Mint were allegedly told by Defendant that "RiTA would be able to facilitate the processing of credit card charges to consumer credit card accounts."  (Id. at ¶ 16.)  Plaintiffs allege that on May 16, 2003, Goede and Mint purchased software from Defendant at a total cost of $10,995.  (Id. at ¶ 17.)

On March 31, 2005, Plaintiffs Mint and Goede jointly filed a six count complaint against Defendant.  (Doc. No. 1.)  Attached to Plaintiffs' complaint is an unsigned copy of the parties' alleged contract.  (Id. at Ex. 1.)  In their complaint, Plaintiffs assert that the following claims are governed by the United Nations Convention on International Sale of Goods, art. 1 et seq., 15 U.S.C.App. 332 (1998) ("CISG"):  breach of contract; breach of implied warranties of merchantability and fitness for a particular purpose; and breach of express warranty.[2]  (Id.)  In support of the application of the CISG, Plaintiffs claim that both Mint and Goede purchased software from Defendant.  (Id. at ¶ 17.)

On June 6, 2005, Defendant filed a motion to dismiss the complaint pursuant to Rule 12(b)(1)

---

[1] In Germany, financial transactions use a comma to reflect a decimal point and a decimal point where an American financial transaction would use a comma.  For example, $24.00 in the United Sates would be reflected as $24,00 in Germany.

[2] Plaintiffs further assert claims for negligence and negligent misrepresentation; however, these claims are not relevant to this Order and will therefore not be addressed herein.

of the Federal Rules of Civil Procedure asserting that this Court lacks subject matter jurisdiction over this action.[3]  Specifically, Defendant argues that the contract at issue is governed by Georgia law and that Plaintiff Goede was not the purchaser of the software, nor a party to the contract, nor a third-party beneficiary of the contract.  (Doc. No. 11.)  On August 9, 2005, Defendants filed a reply to Plaintiffs' brief in opposition.  Attached to Defendant's brief is what appears to be a signed copy of the alleged contract and a check from Mint to Defendant for the purchase of the software.

## II.   STANDARD OF REVIEW

In contrast to Rule 12(b)(6), the standard to be applied to a Rule 12(b)(1) motion is more demanding.  "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion."  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).  There is an important distinction between 12(b)(1) motions that present a facial attack on the complaint and those that question the existence of subject matter jurisdiction in fact, apart from the pleadings.  Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  Whereas the facial attack offers the plaintiff the safeguard of requiring the court to consider the allegations of the complaint as true, the factual attack allows the court to "weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Id. at 891.  "If an aspect of a claim concerns jurisdiction, and when jurisdiction turns on whether a particular fact is true . . . (as opposed to whether the complaint sufficiently alleges jurisdiction on its face), a court may inquire into the

---

[3] Defendant also argues that Plaintiffs' complaint fails to state a claim under each its six counts and therefore the complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

jurisdictional facts without viewing the evidence in a light favorable to either party." Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77 (3d Cir. 2003) (citing Mortensen, 549 F.2d at 891). In doing so, the court may consider and weigh evidence outside of the pleadings to answer the jurisdictional question. Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891). However, the plaintiff always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction. Id.; see also McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

## III. DISCUSSION

A federal court has original jurisdiction over a civil action when a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Defendant argues that the complaint should be dismissed in its entirety because the CISG is not applicable to the underlying commercial transaction. In support of this assertion, Defendant notes that the alleged contract contained a choice of law provision selecting Georgia as the governing law and German Plaintiff Goede is not a party to the alleged contract and therefore the contract is between two United States' parties.[4] In response, Plaintiffs argue that both Mint and Goede purchased the software from Defendant and as a

---

[4] Defendant also argues that the Court lacks jurisdiction under 28 U.S.C. § 1332 because the alleged contract contains a provision that limits the amount recoverable to the purchase price of the software, $10,995. However, the effect of the liquidated damage provision may be affected by the applicability of the CISG. See Ajax Tool Works, Inc. v. Can-Eng Mfg. Ltd., No. 01-5938, 2003 WL 223187, at *3 (N.D. Ill. Jan. 30, 2003) ("[t]he CISG does not preempt a private contract between parties; instead, it provides a statutory authority from which contract provisions are interpreted, fills gaps in contract language, and governs issues not addressed by the contract"). As a result, the Court must first address whether the CISG applies before it can determine subject matter jurisdiction under 28 U.S.C. § 1332.

result the CISG governs the alleged contract.

Defendant's reliance on the choice of law provision contained in the alleged contract is not dispositve on the applicability of the CISG.  In the United States, the CISG is a self-executing treaty with the preemptive force of federal law.  See U.S. Const., Art. VI (Supremacy Clause); see also BP Oil Int'l, Ltd. v. Empresa Estatal Petroleos de Ecuador, 332 F.3d 333, 336 (5th Cir. 2003) (the CISG creates a private right of action in federal court);  Vlero Mkt. & Supply Co. v. Greeni Oy & Greeni Trading Oy, 373 F. Supp. 2d 475, 480 n.7 (D.N.J. 2005) (noting that the CISG preempts state contract law to the extent that state causes of action fall within the scope of the CISG); Usinor Industeel v. Leeco Steel Prods., Inc., 209 F. Supp. 2d 880, 884 (N.D. Ill. 2002) (holding that under the Supremacy Clause, the CISG would displace any contrary state sales law such as Article 2 of the Uniform Commercial Code).  As incorporated federal law, the CISG governs disputes in which it is implicated so long as the parties have not elected to exclude its application.  CISG art. 6.  However, parties seeking to apply a signatory's domestic law in lieu of the CISG mut affirmatively opt-out of the CISG.  See Vlero, 373 F. Supp. 2d at 482 (agreement to include a provision that New York law governed failed to specifically exclude application of the CISG and therefore the CISG remained applicable); see also BP Oil,  332 F.3d at 337 (holding that "if the parties decide to exclude the [CISG], it should be expressly excluded by language which states that it does not apply"); Ajax Tool Works, Inc. v. Can-Eng Mfg. Ltd., No. 01-5938, 2003 WL 223187, at *8 (N.D. Ill. Jan. 30, 2003) (holding that contract stating the agreement shall be governed by the laws of Canada does not exclude the CISG); Asante Techs., Inc. v. PMC-Sierra, Inc., 164 F. Supp. 2d 1142, 1150 (N.D. Cal. 2001) (holding that a choice of law provision selecting British Columbia law did not "envince a clear intent to

opt out of the CISG").

The alleged contract in this case contains a provision selecting Georgia law as the law governing disputes under the contract; however, the contract fails to expressly exclude the CISG by language which affirmatively states it does not apply.  BP Oil, 332 F.3d at 337.  Thus, if the CISG applies to the contract at issue, it will pre-empt domestic sales laws that otherwise would govern the contract, such as Georgia law.  Therefore, Defendant's assertion that the CISG does not apply due to the choice of law provision contained in the alleged contract does not control the applicability of the CISG and whether the Court has subject matter jurisdiction.

The CISG applies "to contracts of sale of goods between parties whose places of business are in different States . . . when the States are Contracting States." CISG art. 1(1)(a).  The fact that parties have their places of business in different States must be apparent from either the contract, any dealings between the parties, or any information disclosed by the parties at any time before or at the conclusion of the contract.[5]  CISG art. 1(2).  If a party has more than one place of business, then that party's "place of business is that which has the closest relationship to the contract and its performance, having regard to the circumstances known to or contemplated by the parties at any time before or at the conclusion of the contract."  CISG art. 10.  However, the CISG applies only to buyers and sellers, not to third parties.  CISG art. 4; see also Usinor, 209 F. Supp. 2d at 885 (stating that the text of the CISG and analysis by commentators suggest that the CISG does not apply to third parties).

---

[5] Article 1, section 2 of the CISG states that the fact that the "parties have their places of business in different States is to be disregarded whenever this fact does not appear either from the contract or from any dealings between, or from information disclosed by, the parties at any time before or at the conclusion of the contract." CISG art. 1(2).

It appears from the alleged contract that it is addressed to Mint. (See Doc. No. 1, Ex. 1; Doc. No. 23, Ex. 1.) However, it is unclear whether the contract was singed by either Plaintiff Mint or Plaintiff Goede. Furthermore, Plaintiffs have alleged that the software was shipped to Goede in Germany and that Defendant serviced the software in Germany. The Court finds that it is unclear whether Plaintiff Goede is in fact a purchaser of the software and a party to the contract. As a result, there exists substantial question whether the CISG governs the contract at issue and ultimately whether the Court has jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, the Court will order the parties to file supplemental dispositive briefs on the single issue of whether Plaintiff Goede is in fact either the purchaser of the software or a party to the contract.

**IV.     ORDER**

Therefore, for the reasons discussed above, the Court will withhold ruling on Defendant's motion to dismiss (Doc. No. 10) pending additional briefing on the question of whether Plaintiff Goede is a purchaser, or otherwise a party to the alleged underlying contract in dispute.  **IT IS HEREBY ORDERED THAT** on or before August 30, 2005, Plaintiff shall file a brief addressing the Goede Plaintiffs' status as parties to the underlying contract.  Defendant shall file a responsive brief not later than five (5) days after Plaintiffs' brief is filed.  Thereafter, Plaintiffs shall be permitted to file a reply within five (5) days of the date on which Defendant's response is filed.

S/ Yvette Kane
Yvette Kane
United States District Judge

Dated: August 16, 2005